UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN D. DREYER and
ROBERTA M. DREYER,

                          Plaintiffs,

                                                MEMORANDUM DECISION
             v.                                         98-CV-82A

RYDER AUTOMOTIVE CARRIER GROUP, INC.,
RYDER AUTOMOTIVE OPERATIONS, INC. d/b/a
DELAVAN, DELAVAN INDUSTRIES, INC.,
RYDER SYSTEM, INC. And
RYDER AUTOMOTIVE CARRIER SERVICES, INC.,

                          Defendants.

---

## INTRODUCTION

Currently before the Court are the defendants' motions for judgment as a matter of law ("JMOL") pursuant to Federal Rule of Civil Procedure 50. The Court shall address the various issues *seriatim.*

## DISCUSSION

Rule 50(a)(1) provides:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that

1

cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

> The standard for determining a motion for JMOL is well established.
>
> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor. In considering a Rule 50 motion, the trial court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.
>
> According to another formulation of the Second Circuit test, judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it. A mere scintilla of evidence is insufficient to present a question for the jury.

Jarvis v. Ford Motor Co., 69 F. Supp.2d 582, 590 (S.D.N.Y. 1999) (internal quotations and citations omitted).

### 1. Negligent Design, Failure to Warn and Breach of Implied Warranty Claims

Plaintiffs have agreed to withdraw these claims.

### 2. Strict Liability Design Defect Claim

The Court hereby denies defendants' motion for JMOL on plaintiffs' strict liability design defect claim. Plaintiffs have presented evidence, in the form of expert testimony, from which the jury may reasonably conclude that the Model 51-3200 Autohauler (the "Autohauler") was defectively designed because: (1) it lacked a fall restraint or protection system; and (2) the hydraulic cylinder piston rod was located in a position where it was exposed when the ramp was fully extended, thereby requiring the driver to step on it when loading or unloading cars onto or off of the Autohauler. In addition, plaintiffs have presented evidence that these design defects were proximate causes of their injuries. Accordingly, the Court shall submit this claim to the jury.

### 3. Punitive Damages

Defendants have moved for JMOL on the issue of punitive damages. The purpose and requirements for awarding punitive damages under New York law have been variously stated. In <u>Prozerlik v. Capital Cities Communications, Inc.</u>, 605 N.Y.S.2d 218, 225-26 (N.Y. 1993), the New York Court of Appeals stated:

> Punitive damages are awarded in tort actions [w]here the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime. . . . Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of

> aggravation or outrage, such as spite or "malice," or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton.

(internal quotations and citations omitted).

In <u>Thoreson v. Penthouse Int'l, Ltd.</u>, 591 N.Y.S.2d 978, 980 (N.Y. 1992), the Court of Appeals stated:

> Punitive damages, it has been held, are to serve as a warning to others. They are intended as punishment for gross misbehavior for the good of the public and have been referred to as a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine. Punitive damages are allowed on the ground of public policy and not because the plaintiff had suffered any monetary damages for which he is entitled to reimbursement; the award goes to him simply because it is assessed in his particular suit. The damages may be considered expressive of the community attitude towards one who wilfully and wantonly causes hurt or injury to another.

(internal quotations and citations omitted).

The New York Pattern Jury Instructions regarding punitive damages state that a jury may award punitive damages if it finds that

> the act of the defendant that caused the injury complained of was wanton and reckless. The purpose of punitive damages is to punish the defendant for wanton and reckless acts and thereby to discourage the defendant and other[s] from acting in a similar way in the future.
>
> An act is wanton and reckless when it is done in such a way and under such circumstances as to show conscious indifference and utter disregard of its effect upon the safety and rights of others.

N.Y. Pattern Jury Instructions 2:278 at 1343.

In this case, the Court finds that plaintiffs have failed to present sufficient evidence from which a jury could reasonably conclude that defendants' conduct was wanton or reckless. There is no evidence that the defendants knew or should have known that the Autohauler presented an unreasonable danger. For example, there has been no evidence admitted at trial of any previous accidents that were caused by the design defects in question here and that could have been prevented had the defendants adopted the alternative designs proposed by plaintiffs. Even if the defendants had knowledge of some injuries, they would not be liable for punitive damages unless there was evidence that they knew or had reason to know of a high probability that their conduct would result in injury. See Ford v. GACS, Inc., 265 F.3d 670, 677-78 (8th Cir. 2001). There is no such evidence here. Accordingly, the Court grants defendants' motion for JMOL on the issue of punitive damages.

### 4. Defendant RSI's Motion for JMOL

Defendant Ryder System, Inc. ("RSI") moves for JMOL, arguing that it cannot be held liable in this case because there is no evidence that it designed, manufactured or sold the Autohauler. The Court denies RSI's motion for the same reasons set forth in the Court's Decision and Order filed February 5, 2003, denying RSI's motion for summary judgment. Plaintiffs have presented evidence from which the jury could reasonably conclude that RSI is a joint

tortfeasor with the other defendant because RSI, either directly or through its Auto Carrier Division, intervened in the design process.

## CONCLUSION

For the reasons stated, the Court: (1) denies defendants' motion for JMOL on plaintiff's strict liability design defect claim; (2) grants defendants' motion for JMOL on the issue of punitive damages; and (3) denies defendant RSI's motion for JMOL.

IT IS SO ORDERED.

*/s/ Richard J. Arcara*
_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2005