UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN D. DREYER and
ROBERTA M. DREYER,

                  Plaintiffs,

v.                                  DECISION AND ORDER
                                         98-CV-0082A

RYDER AUTOMOTIVE CARRIER
GROUP, INC., RYDER AUTOMOTIVE
OPERATIONS, INC. d/b/a DELAVAN,
DELAVAN INDUSTRIES, INC.,
RYDER SYSTEM, INC. and RYDER
AUTOMOTIVE CARRIER SERVICES, INC.

                  Defendants.

         On June 3, 2005, plaintiffs filed a proposed judgment, affidavits and a memorandum in support of the proposed judgment. On June 15, 2005, defendants filed objections to the plaintiffs' proposed judgment, as well as a proposed judgment. Defendants did not file a supporting memorandum of law. On June 24, 2005, plaintiffs filed a reply memorandum of law.

         In their objections to plaintiffs' proposed judgment, defendants challenge plaintiffs' claimed litigation expenses of $43,511 and argue that plaintiffs should be required to submit a Bill of Costs pursuant to the Federal Rules of Civil Procedure and Title 28 of the United States Code. The Court

notes that the "costs" allowable under Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, and chargeable to the defendants separate from the amount of the judgment, are different from and more limited than "litigation expenses" for which counsel may seek reimbursement from his client. Nevertheless, the Court concludes that the plaintiffs should submit a Bill of Costs as well as a separate, itemized list of litigation expenses, including the amount of each expense and the date on which each expense was incurred. Counsel should also provide proof of his claim to one-third of plaintiffs' recovery as compensation.

Plaintiffs are ordered to file with the Court no later than July 11, 2005:

1. An itemized accounting of the claimed litigation expenses totaling $43,511;

2. A Bill of Costs pursuant to 28 U.S.C. § 1920 and Rule 54 of the Federal Rules of Civil Procedure; and

3. A copy of the retainer agreement between plaintiffs and counsel or, only if no such retainer agreement exists, other competent proof that counsel is entitled to the compensation percentage claimed in the proposed judgment. The retainer agreement may be submitted to the Court for <u>in camera</u> inspection and for filing under seal. Defendants' objections, if any, to the claimed costs or litigation

expenses shall be filed no later than July 18, 2005.  Upon the Court's review of the submissions, counsel may be further directed to prepare a second proposed judgment.

       IT IS SO ORDERED.

       /s/ Richard J. Arcara
       _____
       HONORABLE RICHARD J. ARCARA
       CHIEF JUDGE
       UNITED STATES DISTRICT COURT

Dated: June   28   , 2005