UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
STEVEN D. DREYER and
ROBERTA M. DREYER,

                          Plaintiffs,

        v.                                     DECISION AND ORDER
                                                               98-CV-82A

RYDER AUTOMOTIVE CARRIER GROUP,
INC., RYDER AUTOMOTIVE OPERATIONS, INC.,
d/b/a DELAVAN, DELAVAN INDUSTRIES, INC.,
RYDER SYSTEMS, INC., and RYDER AUTOMOTIVE
CARRIER SERVICES, INC.,

                            Defendants.

      Currently before the Court are motions by the plaintiffs and the defendants for a new trial under Rule 59 of the Federal Rules of Civil Procedure and a renewed Rule 50 motion by the defendants for judgment as a matter of law.  Upon reviewing the submissions of the parties and after hearing argument from counsel on March 5, 2008, the motions are denied.

      Rule 50 permits the Court to grant judgment as a matter of law against a party if it finds that a reasonable jury would not have a legally sufficient evidentiary basis for finding for the party on that issue.  *See* Fed. R. Civ. P. 50(a).  In ruling on a motion for judgment as a matter of law, a district court must consider the evidence in the light most favorable to the non-movant and draw all reasonable inferences the jury could have drawn.  *Cweklinsky v. Mobil Chemical Co.*, 364 F.3d 68, 75 (2d Cir. 2004).

      Defendants argue that they are entitled to judgment as a matter of law because (1) "the evidence failed to make a case as a matter of law against any of these

1

defendants for strict liability design defect;" (2) "the evidence established as a matter of law that there was no causal connection between the exposed hydraulic cylinder and Steven Dryer's fall because the evidence was uncontradicted that Steven Dreyer was blown off the top deck of the trailer;" and (3) the evidence established as a matter of law that the defendants . . . had no duty to design fall protection measures for individuals with the physical height and weight characteristics" of plaintiff Steven Dreyer.

The first basis cited in support of their motion lacks sufficient specificity to entitle the defendants to the relief requested.  The second basis is not an accurate recitation of the evidence presented at trial.  Although the defendants contended at trial that plaintiff Steven Dreyer was blown off the top deck of the trailer, there was evidence contradicting that contention, including Dreyer's own testimony.  The jury was free to reject the defendants' evidence and to credit Dreyer's testimony.  As to the third basis, plaintiffs presented evidence supporting their claim that it was forseeable that someone of plaintiff Dreyer's physical size would be operating the model hauler at issue, and that feasible alternative designs existed.  Viewing all of the evidence in the light most favorable to the plaintiffs, the Court finds that defendants' renewed Rule 50 motion should be denied.

Both parties have filed motions for a new trial under Rule 59.  Rule 59(a) provides:  "A new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  As a general matter, a new trial may be granted when the jury's verdict is against the weight of the evidence.  *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 635 (2d Cir. 2002).

"[A] decision is against the weight of the evidence, for purposes of a Rule 59 motion, if and only if the verdict is seriously erroneous or a miscarriage of justice." *Id.*

Plaintiffs argue that the Court should grant a new trial on the issue of whether defendant Ryder Systems Inc. ("RSI") was a "manufacturer" of the automobile hauler at issue during trial. Both sides presented evidence on the issue of whether RSI had controlled or directed the design of the hauler and the issue was submitted to the jury. The jury was free to reject plaintiffs' evidence and to credit the testimony of defendants' witnesses who testified that RSI did not have any role in the design or development of that model hauler. That verdict was neither "seriously erroneous" nor was it a "miscarriage of justice."

Likewise, the Court finds that defendants' motion for a new trial should be denied. Defendants allege that a new trial is warranted because the Court committed various evidentiary errors during trial, including failing to strike the testimony of plaintiffs' liability expert and precluding the admission of videotaped testimony of defense witness Pete Terzian. They also argue that the Court's jury instructions were erroneous.

"[E]rroneous evidentiary rulings may furnish a basis for granting a post-verdict motion for a new trial under Rule 59." *See LNC Investments, Inc. v. First Fidelity Bank,* 126 F. Supp. 2d 778, 787 (S.D.N.Y. 2001) (citing 12 *Moore's Federal Practice* (Matthew Bender 3d ed.) says at § 59.13[2][b][E] at pp. 59-46-47). However, to constitute grounds for a new trial, the erroneous evidentiary ruling must constitute a reversible error that affects a substantial right of a party. *Id.* "'Whether a 'substantial right' has been invaded is dependent on the circumstances of the case, and the proceedings will

not be disturbed, on post-trial motion in the district court or on appeal, unless any error of the court was truly harmful.'" *Id.* at 788 (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kane, *Federal Practice and Procedure* § 2885 pp. 453-54 (West 2d ed.1995).

The Court has considered the challenged evidentiary rulings and jury instructions and finds that the earlier rulings and instructions were not erroneous. The defendants have not cited any legal authority to support their Rule 59 motion. They simply argue in conclusory fashion that the Court committed numerous reversible errors in connection with the trial. To the extent that they seek to rely upon prior arguments made during trial, those arguments are rejected for the reasons already articulated by this Court in connection with its earlier rulings. The basis for the Court's rulings relating to the admissibility of plaintiffs' expert testimony and the preclusion of certain defense expert testimony is well-documented in the record. As to the defendants' objection to the jury instruction, the defendants' Rule 59 motion does not articulate why the instruction was erroneous, nor have defendants provided legal authority in support of their argument. Rather, defendants simply argue that the Court erred "in giving the verdict directing instruction that permitted a finding of strict liability design defect because of (1) a lack of fall protection, or (2) an exposed hydraulic cylinder rod, in that the evidence was insufficient to support a submission on either alternative." Such a conclusory argument is insufficient to demonstrate entitlement to a new trial. Accordingly, the defendants' motion for a new trial is denied.

Finally, the Court notes that the defendants have moved to strike the plaintiffs'

Rule 59 motion arguing that it was untimely filed.  In light of the Court's denial of plaintiffs' motion on the merits, the defendants' motion to strike is denied as moot.

In sum, the Court hereby: (1) denies defendants' renewed Rule 50 motion (Dkt. No. 271); (2) denies defendants' Rule 59 motion for a new trial (Dkt. No. 273); (3) denies plaintiffs' Rule 59 motion for a new trial (Dkt. No. 275); and (4) denies defendants' motion to strike as moot (Dkt. No. 276).  The Clerk of the Court is directed to terminate all outstanding motions and to close this case.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  March 19, 2008